I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 3/11/2010

_____
DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DEPUTY MALONE, et al.,<br><br>　　　　　Defendants. | Case No. CV 10-1611-GHK (RNB)<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

　　　Plaintiff, who currently is incarcerated at Ironwood State Prison in Blythe, California, lodged for filing this pro se civil rights action on March 4, 2010. Plaintiff subsequently was granted leave to proceed in forma pauperis.

　　　Plaintiff's claims purport to arise out of an incident that occurred on November 10, 2005 at Los Angeles County Jail. According to plaintiff, two Los Angeles County Sheriff's Deputies (Malone and Mas) subjected plaintiff to excessive force on that date, in violation of plaintiff's federal civil rights.[1] Plaintiff has purported to name

---

　　　[1]　　Although the Complaint references the Eighth Amendment proscription against cruel and unusual punishment, the Court notes that it is unclear from the face of the Complaint whether plaintiff was a pretrial detainee at the time of the incident giving rise to his claim(s). The Eighth Amendment does not apply to pretrial
(continued...)

1

the two defendants in both their individual and their official capacities.

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the Court is required to screen the Complaint prior to ordering service, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

The Court's screening of the Complaint under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Since plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether the Complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

---

[1](...continued)
detainees. See Ingraham v. Wright, 430 U.S. 651, 671 n.40, 97 S. Ct. 1401, 1412, 51 L. Ed. 2d 711 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause. See Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (because plaintiff "had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"), cert. denied, 537 U.S. 1106 (2003). However, the Court applies Eighth Amendment standards because the rights are comparable. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Redman v. County of San Diego, 942 F.2d 1435, 1441-43 (9th Cir. 1991), cert. denied, 502 U.S. 1074 (1992).

After careful review and consideration of the allegations of the Complaint under the relevant standards, the Court finds that it fails to state a federal civil rights claim on which relief may be granted. The Complaint therefore is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

### A. It appears from the face of the Complaint that plaintiff's federal civil rights claims are barred by the applicable statute of limitations.

Federal civil rights claims are subject to the forum state's statute of limitations applicable to personal injury claims. See Wilson v. Garcia, 471 U.S. 261, 279-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); Owens v. Okure, 488 U.S. 235, 249, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). At the time plaintiff lodged for filing his Complaint herein, California's statute of limitations for personal injury claims was two years, as set forth in Cal. Civ. Proc. Code § 335.1.

Federal law, however, determines when a claim accrues, and when the applicable limitations period begins to run. See Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991), cert. denied, 502 U.S. 1091 (1992); Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987); Venegas v. Wagner, 704 F.2d 1144, 1145 (9th Cir. 1983). A cause of action accrues under federal law as soon as a potential claimant either is aware or should be aware of the existence and source of his injury. See Lee v. United States, 809 F.2d 1406, 1410 (9th Cir. 1987), cert. denied, 484 U.S. 1041 (1988); Bagley, 923 F.2d at 760.

Here, plaintiff was aware or should have been aware of the existence and source of his injury as of the date of the excessive force incident (i.e., November 10, 2005). Even affording plaintiff two years of tolling pursuant to Cal. Civ. Proc. Code

§ 352.1(a) for his continuous imprisonment (see Hardin v. Straub, 490 U.S. 536, 543-44, 109 S. Ct. 1998, 104 L. Ed. 2d 582 (1989) (holding that federal courts must give effect to a state's tolling provisions, including the tolling of a state statute of limitations during imprisonment); Marks v. Parra, 785 F.2d 1419, 1419-20 (9th Cir. 1986) (same)), the statute of limitations on plaintiff's federal civil rights claims against the two named defendants ran at the latest on November 10, 2009. Thus, when the Complaint was lodged for filing on March 4, 2010, it was untimely by nearly four months.

B. **Separate and apart from the time bar issue, the allegations of the Complaint also are insufficient to state a federal civil rights claim against the named defendants in their official capacities.**

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. For purposes of plaintiff's federal civil rights claims, that entity is the County of Los Angeles and/or the Los Angeles County Sheriff's Department.

A local government entity such as the County of Los Angeles or the Los Angeles County Sheriff's Department "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, neither the County of Los Angeles nor the Los Angeles County Sheriff's

Department can be held liable for the alleged actions of its Sheriff's Deputies unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Monell, 436 U.S. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Here, plaintiff has failed to identify any policy statements of the County of Los Angeles or the Los Angeles County Sheriff's Department, or any County or Sheriff's Department regulations, or officially adopted or promulgated decisions, the execution of which by County or Sheriff's Department agents or employees allegedly inflicted the injuries about which he is complaining.

******************

If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint within thirty (30) days of the date of this Order, remedying the deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the original complaint or any other pleading, attachment or document. **Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and/or for failure to diligently prosecute.**

DATED: March 11, 2010

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE